# EXHIBIT I

STATE OF RHODE ISLAND                                      SUPERIOR COURT
PROVIDENCE, SC.

---

Premier Title & Escrow Company, Inc.
                    Plaintiff

            v.                                    C.A. No.: PC-15-

Liberty Insurance Underwriters, Inc.
                    Defendant

---

<u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

Plaintiff Premier Title & Escrow Company, Inc. ("Premier" or "plaintiff") hereby makes

its complaint against defendant Liberty Insurance Underwriters, Inc. ("Liberty" or "defendant")

as follows:

A.    <u>Parties</u>

1.    Premier is a corporation organized in the State of Rhode Island with a principal

place of business in Providence, Rhode Island.

2.    Liberty is an insurance company authorized to do business in the State of Rhode

Island.

B.    <u>Jurisdiction</u>

3.    The Superior Court has exclusive jurisdiction over the instant matter as it

involves, <u>inter alia</u>, an action at law in which the amount in controversy exceeds the sum of ten

thousand dollars ($10,000.00) pursuant to R.I.G.L. § 8-2-14.  In addition, exclusive jurisdiction

lies in the Superior Court as this matter involves a claim for declaratory relief pursuant to the

Uniform Declaratory Judgments Act (<u>see</u> R.I.G.L. § 9-30-1 et seq.) asking this Court to declare

the rights, status, obligations and other legal relations between the parties concerning certain

1

insurance policies issued by Liberty in its capacity as the insurer in favor of Premier, a named

insured, under the subject policies.

C.      Venue

4.      Venue properly lies in the County of Providence pursuant to R.I.G.L. § 9-4-4

since the defendant can be found therein.

D.      Statement of Facts

5.      At all relevant times hereto, Premier was in the business of performing real estate

title and closing services.

6.      There are two (2) insurance policies at issue in this litigation.  Those policies are

as follows:

> (i)     A lawyer's professional liability insurance policy issued by Liberty
> naming Premier as an insured bearing policy number LPA 195137-019 for
> the policy period covering July 29, 2009 to July 29, 2010 ("Policy 1").
>
> (ii)    A lawyer's professional liability insurance policy issued by Liberty
> naming Premier as an insured bearing policy number LPA 195137-020 for
> the policy period covering July 29, 2010 to July 29, 2011 ("Policy 2").

7.      A claim for negligence was first made by Wells Fargo against Premier by way of

a letter dated March 16, 2010 (the "claim").

8.      As part of the claim, Wells Fargo alleged that Premier was negligent in

connection with a real estate loan transaction in the State of Oregon.

9.      Although Premier vehemently denied Wells Fargo's claim, Premier timely

reported the claim to Liberty by forwarding it to Liberty's representatives.

10.     At the time Premier received the claim and reported it to Liberty, Premier was

insured by Policy 1 for any potential losses and defense costs arising out of the claim.

11.     On or about September 30, 2011, the claim ripened into a lawsuit when Premier

was sued in the Circuit Court of Tillamook County in the State of Oregon (the "Legal Action").

12.     Upon receiving notice of the Legal Action, Premier reported it in a timely manner to Liberty and requested that the insurer defend and indemnify it for any losses, costs and expenses arising out of the Legal Action.[1]

13.     Premier was covered by Liberty for any and all defense costs and losses associated with the Legal Action under either Policy 1 or Policy 2.

14.     At first, Liberty represented to Premier that it was covered for this particular lawsuit and therefore the insurer would provide Premier with a defense to the Legal Action.

15.     Notwithstanding, Liberty later changed course and wrongfully denied Premier's request for coverage.   More importantly, it further refused to provide the insured with either legal counsel or to pay for any defense costs related to the Legal Action.

16.     As a result, Premier was forced to hire its own counsel and ultimately expended significant sums of money to defend the Legal Action.

17.     While Premier was ultimately successful in its defense of the Legal Action, Premier remains out of pocket the monies it was forced to expend for its legal defense.

18.     Premier has made demand upon Liberty for reimbursement of its defense and other costs it incurred in successfully defending the Legal Action.

19.     Liberty had no reasonable basis for denying Premier coverage with respect to the Legal Action.

20.     As a separate matter, Liberty had no reasonable basis for refusing to tender Premier a legal defense in response to the Legal Action.[2]

---

[1] Similar to the position it took when first receiving the claim, Premier maintained that it did nothing wrong and denied the allegations set forth in the Legal Action.

[2] It is hornbook insurance law that an insurer's duty to defend is much broader than its duty to indemnify.  Liberty

21.     Liberty wrongfully refuses to indemnify Premier for its defense costs and other monetary losses it suffered in connection with the Legal Action.

22.     Liberty's refusal to reimburse Premier has caused significant financial harm to the plaintiff.

## Count I
## Breach of Contract

23.     Premier reincorporates the allegations contained in paragraphs 1 through 22 of its complaint as if fully set forth herein.

24.     The facts set forth above constitute a breach of contract on the part of Liberty.

25.     Premier has suffered damages as a direct and proximate result of Liberty's breach of contract.

26.     The amount of Premier's damages will be established at the time of trial.

Wherefore, Premier respectfully requests that this Honorable Court enter judgment against Liberty for the full amount of plaintiff's damages awarding Premier compensatory damages, prejudgment and post judgment interest, attorney's fees, costs and such other and further relief as this court deems just and fair.

## Count II
## R.I.G.L. § 9-1-33 Statutory Bad Faith

27.     Premier reincorporates the allegations contained in paragraphs 1 through 26 of its complaint as if fully set forth herein.

28.     The plaintiff repeatedly asked Liberty to provide and pay for Premier's legal defense in order to allow Premier to properly defend itself against the claims asserted in the Legal Action.

---

should have minimally provided Premier a legal defense to the Legal Action instead of just leaving the insured to fend for itself.

Case Number: PC-2015-2512
Filed in Providence/Bristol County Superior Court
Submitted: 6/12/2015 9:43 AM
Envelope: 226059
Reviewer: Lynn Gaulin

Case 1:17-cv-00058-WES-PAS   Document 1-1   Filed 02/08/17   Page 6 of 57 PageID #: 9

29.     Liberty had no good faith reason for denying coverage or refusing to tender a legal defense on behalf of Premier since the claim and Legal Action was clearly covered by either Policy 1 or Policy 2.

30.     The facts set forth above establish a claim for statutory bad faith against Liberty pursuant to R.I.G.L. § 9-1-33.

31.     Premier is entitled to compensatory damages along with statutory damages, punitive damages, reasonable attorney's fees and costs incurred in connection with defending the Legal Action as well as prosecuting the instant lawsuit.

Wherefore, Premier respectfully requests that judgment enter against Liberty awarding plaintiff compensatory damages, statutory damages, punitive damages, prejudgment and post judgment interest, litigation costs, reasonable attorney's fees and any other relief this court deems appropriate and just.

### Count III
### Common Law Bad Faith

32.     Premier reincorporates the allegations contained in paragraphs 1 through 31 of its complaint as if fully set forth herein.

33.     The facts set forth above establish a claim for common law bad faith against Liberty.

34.     Premier has suffered damages as a result of Liberty's bad faith actions and omissions in refusing to tender plaintiff a legal defense in response to the Legal Action or otherwise in denying plaintiff coverage.

Wherefore, Premier respectfully requests that judgment enter against Liberty awarding plaintiff compensatory damages, double damages, treble damages and/or punitive damages, prejudgment and post judgment interest, litigation costs, reasonable attorney's fees and any other

relief this court deems appropriate and just.

Count IV

Declaratory Relief - R.I.G.L. § 9-30-1 et seq.

35.     Premier reincorporates the allegations contained in paragraphs 1 through 34 of its

complaint as if fully set forth herein.

36.     It is plaintiff's contention that any defense or other costs incurred by Premier in

connection with the Legal Action is covered by Liberty pursuant to either Policy 1 or Policy 2.

37.     Liberty has taken the position that none of those costs are covered by either Policy

1 or Policy 2.

38.     The parties are entitled to a declaration by the court as to their respective rights

and legal obligations concerning whether either Policy 1 or Policy 2 provides Premier insurance

coverage and legal defense costs with respect to the Legal Action or the claim.

Wherefore, Premier respectfully requests that this court issue the following declaratory

relief pursuant to R.I.G.L. § 9-30-1 et seq. in the form of an Order and Final Judgment to fully

and finally resolve the instant dispute between the parties declaring:

(i)     That Policy 1 and/or Policy 2 required Liberty to pay for and provide

Premier with a legal defense in response to the Legal Action and claim;

(ii)    That Liberty is legally required under Policy 1 or Policy 2 to reimburse

Premier for all of its defense and other costs and expenses incurred by

plaintiff in connection with the Legal Action and claim;

(iii)   That Liberty's failure to provide Premier with a legal defense and to

compensate Premier for its losses associated with the Legal Action rises to

the level of bad faith;

(iv)    Premier is entitled to reasonable attorney's fees and costs along with

Case Number: PC-2015-2512
Filed in Providence/Bristol County Superior Court
Submitted: 6/12/2015 9:41:15 AM
Envelope: 226059
Reviewer: Lynn Gaulin

Case 1:17-cv-00058-WES-PAS   Document 1-1   Filed 02/08/17   Page 8 of 57 PageID #: 11

compensatory and statutory damages associated with Liberty's failure to provide Premier with a legal defense; and

(v)     Premier is entitled to such other and further relief as this Court deems just and fair.

## Count V
### R.I.G.L. § 9-1-45 Attorney's Fees

39.     Premier reincorporates the allegations contained in paragraphs 1 through 38 of its complaint as if fully set forth herein.

40.     Rhode Island law permits an award of reasonable attorney's fees when there is a complete absence of justiciable issues of fact or law in a contract dispute. See R.I.G.L. § 9-1-45.

41.     There is a complete absence of justiciable issues of fact or law with respect to Liberty's contractual obligation to have provided Premier a legal defense and to indemnify Premier for its legal expenses, costs and other losses incurred in connection with the claim and/or the Legal Action.

42.     Premier is entitled to an award of reasonable attorney's fees pursuant to R.I.G.L. § 9-1-45 in an amount to be determined at a later date.

Wherefore, Premier respectfully requests that judgment enter against Liberty in its favor awarding Premier its reasonable attorney's fees and costs incurred in connection with this particular litigation and any other relief this court deems appropriate and just.

<u>Demand for Jury Trial</u>

Plaintiff hereby demands a trial by jury on all issues so triable and designates Michael J.

Lepizzera, Jr. and Stephen Peltier as its trial counsel.

<u>/s/ Michael J. Lepizzera, Jr.</u>
Michael J. Lepizzera, Jr. (#4995)
<u>/s/ Stephen Peltier</u>
Stephen Peltier (#3822)


Plaintiff,
Premier Title & Escrow Company, Inc.
By and through its attorneys,

<u>/s/ Michael J. Lepizzera, Jr.</u>
<u>/s/ Stephen Peltier</u>
<u>/s/ Scott K. Demello</u>
_____
Lepizzera & Laprocina Counsellors at Law, Ltd.
Michael J. Lepizzera, Jr. (# 4995)
Stephen Peltier (# 3822)
Scott K. DeMello (# 7675)
117 Metro Center Blvd. Suite 2001
Warwick, Rhode Island 02886
Tel: (401) 739-7397
Fax: (401) 691-3558
Email: mlepizzera@leplap.com
Email: speltier@leplap.com
Email: sdemello@leplap.com

STATE OF RHODE ISLAND AND ⚓ PROVIDENCE PLANTATIONS

# SUPERIOR COURT

## SUMMONS

|  | Civil Action File Number<br>PC-2015-2512 |
|---|---|
| **Plaintiff**<br>Premier Title & Escrow Company, Inc.<br>    v.<br>**Defendant**<br>Liberty Insurance Underwriers, Inc. | **Attorney for the Plaintiff or the Plaintiff**<br>Michael J Lepizzera, Jr. |
|  | **Address of the Plaintiff's Attorney or the Plaintiff**<br>LEPIZZERA & LAPROCINA<br>117 METRO CENTER BLVD<br>SUITE 2001<br>WARWICK RI  02886 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI  02903<br>(401) 222-3250 | **Address of the Defendant**<br>No Known Address** Confidential Address ** |

**TO THE DEFENDANT, Liberty Insurance Underwriers, Inc.:**

    The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

    If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

    As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 6/15/2015. | /s/ Henry Kinch<br>Clerk |
|---|---|

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| **Plaintiff** | **Civil Action File Number** |
| Premier Title & Escrow Company, Inc. | PC-2015-2512 |
|      v. | |
| **Defendant** | |
| Liberty Insurance Underwriers, Inc. | |

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Liberty Insurance Underwriers, Inc., by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
   Name of person of suitable age and discretion _____
   Address of dwelling house or usual place of abode _____
   _____
   Age _____
   Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent _____
   If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
   _____

☐ With a guardian or conservator of the Defendant.
   Name  of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
    Name  of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)



STATE OF RHODE ISLAND AND   PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:
☐ By delivering said papers to an officer or a managing or general agent.
Name of person and designation _____
☐ By leaving said papers at the office of the corporation with a person employed therein.
Name of person and designation _____
☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ I was unable to make service after the following reasonable attempts: _____
_____

SERVICE DATE: _____/_____/_____          SERVICE FEE $_____
                       Month    Day    Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE


SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.


_____
 Signature

State of _____
County of _____

    On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

                                    Notary Public: _____
                                    My commission expires: _____
                                    Notary identification number: _____

Page 2 of 2



Case 1:17-cv-00058-WES-PAS   Document 1-1   Filed 02/08/17   Page 14 of 57 PageID #: 17



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

## AFFIDAVIT AND REQUEST FOR ENTRY OF DEFAULT

| Plaintiff | Civil Action File Number |
|---|---|
| Premier Title & Escrow Company, Inc. | PC-2015-2512 |
| **Defendant** | |
| Liberty Insurance Underwriters, Inc. | |

| | |
|---|---|
| ☐ Murray Judicial Complex<br>Newport County<br>45 Washington Square<br>Newport, Rhode Island 02840-2913<br>(401) 841-8330 | ☐ Noel Judicial Complex<br>Kent County<br>222 Quaker Lane<br>Warwick, Rhode Island 02886-0107<br>(401) 822-6900 |
| ☐ McGrath Judicial Complex<br>Washington County<br>4800 Tower Hill Road<br>Wakefield, Rhode Island 02879-2239<br>(401) 782-4121 | ☑ Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence, Rhode Island 02903-2719<br>(401) 458-3230 |

I, Michael J. Lepizzera, Jr. _____, of Lepizzera & Laprocina Counsellors at Law, Ltd.
117 Metro Center Blvd. Ste. 2001 Warwick, RI 02886 , upon oath and say as follows:

1. That the Defendant has failed to plead or otherwise defend as provided by the rules of this court.

2. That the Defendant was not at the commencement of the above-entitled action, nor is now, in the "Military Service" of the United States as defined in the Servicemember's Civil Relief Act, 50 App. U.S.C. § 521, nor is the Defendant an American citizen serving with the forces of a United States ally or a reservist/draftee called to active duty.

3. That the Defendant is not an infant or incompetent.

4. That the Defendant presently ~~resides at~~ is a foreign corporation found at 175 Berkeley Street Boston, MA 02116. In addition, _____.

the Defendant is a licensed Property and Casualty Insurance Company by the State of Rhode Island Department of Business Regulation Insurance Commissioner and is authorized to do business in the State of Rhode Island. Service of process was effectuated by serving the Insurance Commissioner who is an agent authorized to receive service of process.

Superior-49 (revised November 2014)                                        Page 1 of 3

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

**(Complete sections five and six only if this cause seeks to recover a sum certain. Otherwise, you must assign the case for hearing on the Special Cause Calendar with notice to the Defendant to obtain a judgment of money damages)**

5.  That this cause was commenced to recover a sum certain of $_____ plus interest from _____ to _____ in the amount of $_____, totaling $_____.

6.  That the Defendant has no setoffs or counterclaims against this account and, in my opinion, there is no defense to this claim or cause of action.

| /s/ Michael J. Lepizzera, Jr.  <br> Attorney for the Plaintiff or the Plaintiff | Rhode Island Bar Number: 4995 |
| --- | --- |
| | Date: November 28, 2016 |
| Telephone Number: (401) 739-7397 | |

State of Rhode Island
County of Kent

On this __28th__ day of __November__, 20 _16_, before me, the undersigned notary public, personally appeared Michael J. Lepizzera, Jr. ☑ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed the preceding or attached document in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: Loretta McShane
My commission expires: _____
Notary identification number: _____

LORETTA McSHANE
Notary Public
State of Rhode Island
My Comm. Expires Jan. 21, 2017

| Date of Entry of Default <br> November 29, 2016 | Clerk <br> /s/ _____ /s/ Janna Fadale <br> Deputy Clerk <br> 11/29/2016 |
| --- | --- |

Case Number: PC-2015-2512
Filed in Providence/Bristol County Superior Court
Submitted: 11/28/2016 3:13 PM
Envelope: 841812
Reviewer: Alexa Goneconte



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

## CERTIFICATE OF SERVICE

I hereby certify that, on the ___28th___ day of __November_____, 20_16_ :

☑ I filed and served this document through the electronic filing system on the following parties: _None._____.
The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

☐ I served this document through the electronic filing system on the following parties:
_____.
The document electronically served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

☐ I mailed or ☐ hand-delivered this document to the attorney for the opposing party and/or the opposing party if self-represented, whose name is _____
at the following address _____.

/s/ _Lori Capuano_____
                 Name

Case Number: PC-2015-2512
Filed in Providence/Bristol County Superior Court
Submitted: 12/5/2016 4:33:27 AM
Envelope: 849330
Reviewer: Alexa Goneconte

1:17-CV-00058-WES-PAS   Document 1-1   Filed 02/08/17   Page 17 of 57 PageID #: 20



STATE OF RHODE ISLAND AND ⎯ PROVIDENCE PLANTATIONS

☐ SUPREME COURT   ☑ SUPERIOR COURT   ☐ FAMILY COURT   ☐ DISTRICT COURT

☑ Providence/Bristol County or Sixth Division   ☐ Washington County or Fourth Division
☐ Kent County or Third Division   ☐ Newport County or Second Division

| Plaintiff | Civil Action File Number |
|---|---|
| Premier Title & Escrow Company, Inc. | PC-2015-2512 |

| Defendant |
|---|
| Liberty Insurance Underwriters, Inc. |

## ENTRY OF APPEARANCE – CIVIL CASES

I hereby enter my appearance for the ☐ Plaintiff/Petitioner ☑ Defendant/Respondent
_____.

/s/ Courtney M. Cox                                           9552
‎‎‎‎‎Attorney Name or Self-represented Litigant          Rhode Island Bar Number

Ropes & Gray, Prudential Tower, 800 Boylston Street, Boston, MA 02199
Address

617-951-7421                                              401-595-2831
Telephone Number                                      Cell Telephone Number

Courtney.Cox@ropesgray.com
Email Address

12/5/2016
Date

## CERTIFICATE OF SERVICE

I hereby certify that, on the _5th___ day of _December_____, 20_16__:
☑ I filed and served this document through the electronic filing system on the following parties:
Premier Title & Escrow Company, Inc._____.
The document electronically filed and served is available for viewing and/or downloading from the
Rhode Island Judiciary's Electronic Filing System.

☐ I served this document through the electronic filing system on the following parties:
_____.
The document electronically served is available for viewing and/or downloading from the Rhode
Island Judiciary's Electronic Filing System.

☐ I mailed or ☐ hand-delivered this document to the attorney for the opposing party and/or the
opposing party if self-represented, whose name is _____
at the following address _____.

‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎/s/ Courtney M. Cox_____
‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎Name

CC-11 (revised October 2014)

Case Number: PC-2015-2512
Filed in Providence/Bristol County Superior Court
Submitted: 12/8/2016 2:08:08 PM
Envelope: 854985
Reviewer: Alexa Goneconte

**STATE OF RHODE ISLAND**                        **SUPERIOR COURT**
**PROVIDENCE, SC.**

|  |  |
|---|---|
| Premier Title & Escrow Company, Inc., | ) |
| | ) |
| Plaintiff, | ) |
| | )    C.A. No.:  PC-2015-2512 |
| v. | ) |
| | ) |
| Liberty Insurance Underwriters, Inc., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT LIBERTY INSURANCE UNDERWRITERS INC.'S
## MOTION TO SET ASIDE DEFAULT AND NOTICE OF HEARING

Defendant Liberty Insurance Underwriters Inc. hereby moves pursuant to Rule 55(c) of the Superior Court Rules of Civil Procedure to set aside the default entered in this matter on November 29, 2016.  Good cause exists for the removal of this default.  As grounds for this motion, LIUI states as follows:

1.      Plaintiff filed this action on June 12, 2015.

2.      Plaintiff did not serve a summons with respect to the complaint until November 2016.

3.      Plaintiff served the summons and complaint upon the Rhode Island Department of Business Regulation, pursuant to Insurance Regulation 114, on November 2, 2016.  Affidavit of Suzanne Douglas ("Douglas Aff."), Exhibit A.

4.      The postmark on the mailing of the summons from the Department of Business Regulation to CSC Corporation, LIUI's agent for service of process, is November 28, 2016. Douglas Aff., ¶ 4 and Exhibit A.

5.      CSC provided the summons and complaint to LIUI on November 30, 2016. Douglas Aff., ¶ 3.

6.      On November 28, 2016, 26 days after it served the summons and complaint on the Department of Business Regulation and before LIUI had received the summons, Plaintiff sought entry of a default against LIUI.

7.      Counsel for Plaintiff was aware that LIUI was represented by counsel as LIUI's counsel had repeatedly requested information from Plaintiff in 2015 and 2016 to allow LIUI to assess the claims asserted in Plaintiff's complaint and attempt to resolve the matter. Exhibit 1.

8.      Plaintiff's counsel did not notify LIUI's counsel that he was seeking the entry of a default against LIUI.

9.      No default judgment has been entered in this action.

10.     Upon receipt of the summons, LIUI, though its counsel, requested an extension of time to respond to the complaint on December 1, 2016. Exhibit 2.

11.     In response to this request, LIUI learned that a default had entered. Exhibit 3. LIUI now requests that the Court set aside the default

12.     "Judgment by default is a drastic remedy which should only be employed in extreme situations." McKinney & Nazareth, P.C. v. Jarmoszko, 774 A.2d 33, 36-37 (R.I. 2001) (quoting Medeiros v. Hilton Homes, Inc., 122 R.I. 406, 410, 408 A.2d 598, 600 (1979)).

13.     To vacate an entry of default before a default judgment is entered, a party must show "good cause" under Rule 55(c). Reyes v. Providence Place Grp., L.L.C., 853 A.2d 1242, 1246 (R.I. 2004). "[T]he only showing required for removing [a] default [is] good cause and not the mistake, inadvertence, surprise, or excusable neglect showing which would [be] demanded under [Rule] 60(b), had the default been followed by the subsequent entry of a final judgment."

Case 1:17-cv-00058-WES-PAS    Document 1-1    Filed 02/08/17    Page 20 of 57 PageID #: 23

Id. at 1247 (quoting Berberian v. Petit, 118 R.I. 448, 452, 374 A.2d 791, 793 (1977)) (internal

quotation marks omitted).  The "good cause" threshold for relief from default is lower and more

easily overcome than that necessary for relief from judgment.  Coon v. Grenier, 867 F.2d 73, 76

(1st Cir. 1989).  "[W]here there are no intervening equities, any doubt [about the existence of

good cause,] should as a general proposition, be resolved in favor of the movant so that the issue

can be decided on the merits." Reyes, 853 A.2d at 1247 (quoting Berberian, 118 R.I. at 452-53,

374 A.2d at 793).

14.    Good cause exists for setting aside the default as LIUI had no actual notice that a

summons had been served on the Rhode Island Department of Business Regulation under

Insurance Regulation 114 until after the 20 days for a response had lapsed.  Bahosh v. Klein, 688

A.2d 861, 861 (R.I. 1997) ("lack of actual notice … was ample ground" for vacating default); see

also, Coon, 867 F.2d at 74 (no indication that the defendant "consciously sought to evade

process").

15.    LIUI's failure to respond to the summons within 20 days of service on the Rhode

Island Department of Business Regulation was not the result of neglect, much less gross neglect.

LIUI was not aware of the summons until after the 20 days had elapsed and after Plaintiff had

requested a default.

16.    Plaintiff will not be prejudiced by the Court setting aside the default.  Although it

filed a complaint in June 2015, Plaintiff did not serve the summons until November 2016.  In the

intervening months, LIUI's counsel requested information from Plaintiff in an effort to resolve

this matter, but the requested information was never provided.  Notwithstanding the fact that

counsel for Plaintiff knew that LIUI was represented by counsel and had the contact information

for LIUI's counsel, Plaintiff did not inform LIUI that a summons had been served on the Rhode

Case Number: PC-2015-2512
Filed in Providence/Bristol County Superior Court
Submitted: 12/8/2016 2:28:08 PM
Envelope: 854985
Reviewer: Alexa Geneconte

Case 1:17-cv-00058-WES-PAS   Document 1-1   Filed 02/08/17   Page 21 of 57 PageID #: 24

Island Department of Business Regulation. Instead, six days after expiration of the 20-day response period following service of the summons on the Rhode Island Department of Business Regulation, Plaintiff requested the entry of a default.

WHEREFORE, LIUI respectfully requests that the Court set aside the default in this matter pursuant to Rhode Island Superior Court Rule 55(c) and permit LIUI 20 days from the lifting of default to answer or otherwise respond to the complaint.

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that the within Motion will be called for hearing on January 11, 2017.

Dated: December 8, 2016                    Respectfully submitted,

                                           */s/ Courtney M. Cox*
                                           Courtney M. Cox
                                           ROPES & GRAY LLP
                                           Prudential Tower
                                           800 Boylston Street
                                           Boston, MA 02199-3600
                                           Phone: (617) 951-7000

                                           *Attorney for Liberty Insurance Underwriters, Inc.*

**STATE OF RHODE ISLAND**                                      **SUPERIOR COURT**
**PROVIDENCE, SC.**

|  |  |
|---|---|
| Premier Title & Escrow Company, Inc., | ) |
| Plaintiff, | ) |
| v. | ) C.A. No.: PC-2015-2512 |
| Liberty Insurance Underwriters, Inc., | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that, on the 8th day of December, I filed and served this document through the electronic filing system on the following parties: Premier Title & Escrow Company, Inc.

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

Dated:  December 8, 2016

*/s/ Courtney M. Cox*
Courtney M. Cox
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Phone: (617) 951-7000

*Attorney for Liberty Insurance Underwriters, Inc.*

**STATE OF RHODE ISLAND**                                   **SUPERIOR COURT**
**PROVIDENCE, SC.**

Premier Title & Escrow Company, Inc.,          )
                                                )
                    Plaintiff,                  )
                                                )    C.A. No.: PC-2015-2512
        v.                                      )
                                                )
Liberty Insurance Underwriters, Inc.,           )
                                                )
                    Defendant.                  )
                                                )

## DECLARATION OF SUZANNE DOUGLAS

I, Suzanne Douglas, declare as follows:

1.      I am a Business Process Specialist for Liberty Mutual Insurance Company.  I submit this declaration in support of Liberty Insurance Underwriters, Inc.'s motion to set aside default in the above-captioned action.

2.      I am responsible for receipt of summonses from CSC Corporation ("CSC"), the agent for service of process for Liberty Mutual companies including Liberty Insurance Underwriters, Inc. ("LIUI").

3.      On November 30, 2016, I received the summons for this action from CSC.  To my knowledge, this was the first receipt by LIUI of any summons in connection with the above-captioned action.  Attached hereto as Exhibit A are the materials received from CSC.

4.      Among the materials received from CSC and attached hereto as Exhibit A was the certified mail envelope by which the Rhode Island Department of Business Regulation sent the summons in this action to CSC.  The postmark on the envelope is dated November 28, 2016.

Case Number: PC-2015-2512
Filed in Providence/Bristol County Superior Court
Submitted: 12/8/2016 2:28:08 PM
Envelope: 854985
Reviewer: Alexa Goneconte

CASE 1:17-CV-00058-WES-PAS   Document 1-1   Filed 02/08/17   Page 24 of 57 PageID #: 27

This declaration is made under the penalties of perjury.


Dated:  December  7th , 2016

_____
Suzanne Douglas

Case Number: PC-2015-2512
Filed in Providence/Bristol County Superior Court
Submitted: 12/8/2015 2:28:08 PM
Envelope: 854985
Reviewer: Alexa Goneconte

Case 1:17-cv-00058-WES-PAS   Document 1-1   Filed 02/08/17   Page 25 of 57 PageID #: 28

# EXHIBIT A

Case Number: PC-2015-2512
Filed in Providence/Bristol County Superior Court
Submitted: 12/8/2016 2:26:56 PM
Envelope: 854985
Reviewer: Alexa Gonec

Case 1:17-cv-00058-WES-PAS   Document 1-13   Filed 02/08/17   Page 26 of 57 PageID #: 29

**State of Rhode Island and Providence Plantations**
**DEPARTMENT OF BUSINESS REGULATION**
**1511 Pontiac Avenue, Bldg. 69-2**
**Cranston, Rhode Island  02920**

**Insurance Division**

November 2, 2016

Liberty Insurance Underwriters, Inc.
C/o Corporation Service Company
222 Jefferson Blvd., Suite 200
Warwick, RI  02888

Enclosed is a copy of a Summons served upon me in the case of:

**Premier Title & Escrow Company, Inc.**

**V.**

**Liberty Insurance Underwriters, Inc.**

Kindly acknowledge receipt of the above at your earliest convenience.

RETURN DATE (WITHIN 20 DAYS)

Very truly yours,

Associate Director/Superintendent of Insurance

CC
Enclosures

CERTIFIED MAIL

Tel: 401-462-9520     Fax: 401-462-9602     TDD: 711     Web Site: www.dbr.ri.gov

Case Number: PC-2015-2512
Filed in Providence/Bristol County Superior Court
Submitted: 12/8/2016 2:56:08 PM
Envelope: 854985
Reviewer: Alexa Goneconte



STATE OF RHODE ISLAND AND     PROVIDENCE PLANTATIONS

# SUPERIOR COURT

## SUMMONS

| | **Civil Action File Number**<br>PC-2015-2512 |
|---|---|
| **Plaintiff**<br>Premier Title & Escrow Company, Inc.<br>v. | **Attorney for the Plaintiff or the Plaintiff**<br>Michael J Lepizzera, Jr. |
| **Defendant**<br>Liberty Insurance Underwriers, Inc. | **Address of the Plaintiff's Attorney or the Plaintiff**<br>LEPIZZERA & LAPROCINA<br>117 METRO CENTER BLVD<br>SUITE 2001<br>WARWICK RI 02886 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI 02903<br>(401) 222-3250 | **Address of the Defendant**<br>No Known Address ** Confidential Address ** |

**TO THE DEFENDANT, Liberty Insurance Underwriers, Inc.:**

    The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

    If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

    As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 6/15/2015. | /s/ Henry Kinch<br>Clerk |
|---|---|

Witness the seal/watermark of the Superior Court

A True Copy Attest
Constable 6050 Esposito
11-2-16

SC-CMS-1 (revised July 2014)



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

# SUPERIOR COURT

| Plaintiff | Civil Action File Number |
|---|---|
| Premier Title & Escrow Company, Inc. | PC-2015-2512 |
| v. | |
| **Defendant** | |
| Liberty Insurance Underwriers, Inc. | |

## PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Liberty Insurance Underwriers, Inc., by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below. _____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

Case Number: PC-2015-2512
Filed in Providence/Bristol County Superior Court
Submitted: 12/8/2016 2:26:08 PM
Envelope: 854985
Reviewer: Alexa Goneconte

Case 1:17-cv-00058-WES-PAS    Document 1-1    Filed 02/08/17    Page 29 of 57 PageID #: 32

STATE OF RHODE ISLAND AND ⚖ PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:
☐ By delivering said papers to an officer or a managing or general agent.
Name of person and designation _____
☐ By leaving said papers at the office of the corporation with a person employed therein.
Name of person and designation _____
☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

SERVICE DATE: ___ / ___ / ___    SERVICE FEE $ _____
          Month  Day  Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

_____

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
Signature

State of _____
County of _____

On this _____ day of _____, 20____ before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)

Case Number: PC-2015-2512
Filed in Providence/Bristol County Superior Court
Submitted: 12/8/2015 2:08:08 PM
Envelope: 854985
Reviewer: Alexa Goneconte



SC-CMS-1 (revised July 2014)

Case 1:17-cv-00058-WES-PAS   Document 1-1   Filed 02/08/17   Page 31 of 57 PageID #: 34



**សេចក្តីជូនដំណឹង**

**តុលាការមានរឿងក្តីរបស់អ្នកនៅក្នុងប្រព័ន្ធតុលាការរដ្ឋ Rhode Island។**

**លោកអ្នកមានសិទ្ធិទទួលបានអ្នកបកប្រែភាសាដោយឥតគិតថ្លៃ។**

[Khmer/Cambodian body text]

1. ទូរស័ព្ទទៅការិយាល័យអ្នកបកប្រែតុលាការតាមលេខ (401) 222-8710 ឬ
2. ផ្ញើអ៊ីម៉ែលទៅ Interpreterfeedback@courts.ri.gov ឬ
3. ទៅកាន់ការិយាល័យអ្នកបកប្រែដើម្បីរៀបចំកាលវិភាគ៖

The Office of Court Interpreters
Licht Judicial Complex
Fourth Floor, Room 401
250 Benefit Street
Providence, RI 02903

[Khmer body text]

http://www.courts.ri.gov/Interpreters/english/version/default.aspx

[Khmer body text] (401) 222-8710។

The Office of Court Interpreters
Licht Judicial Complex
Fourth Floor, Room 401
250 Benefit Street
Providence, RI 02903

---

See this notice in Cambodian, Spanish, and Portuguese on the attached pages.
Español: Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.
Portugues: Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.



# A V I S O

## Usted tiene un caso en el sistema judicial de Rhode Island.

## Usted tiene el derecho a tener un intérprete sin costo para usted.

La Orden Ejecutiva 2012-05 del Supremo Tribunal de Rhode Island dicta que cuando una persona que tiene un dominio limitado del inglés (LEP) comparece ante la corte, el Sistema Judicial de Rhode Island le proveerá un intérprete autorizado gratis sea el acusado/demandado/a, demandante, testigo, víctima, padre de un menor de edad alguien que tenga con un interés importante en el proceso de la corte. Este servicio de interpretación se le proveerá sin costo alguno a los participantes en toda clase de caso, sea civil o penal.
Los intérpretes judiciales trabajan en todos los tribunales del Sistema Judicial de Rhode Island.

Para solicitar un intérprete para su comparecencia en el tribunal, usted tiene las siguientes opciones:

1. Llamar a la Oficina de Intérpretes en el tribunal al 401-222-8710 ;
2. Mandar un correo electrónico a Interpreterfeedback@courts.ri.gov ; o
3. Presentarse a la Oficina de Court Interpreters para solicitar un intérprete:

The Office of Court Interpreters
Licht Judicial Complex
Cuarto Piso, Oficina 401 A-B
250 Benefit Street
Providence, RI 02903

Al solicitar un intérprete, por favor provea la siguiente información:

• El nombre y el número de su caso
• El idioma que solicita
• La fecha y hora de su audiencia
• Dónde va a tomar lugar su audiencia
• Su nombre y número de teléfono por el cual nos podamos poner en contacto con usted o con su abogado.

Para obtener más información en portugués, ruso o español, incluyendo una lista de formularios de la corte que están disponibles en español, visite nuestra página de internet:

http://www.courts.ri.gov/Interpreters/english/version/default.aspx

Para solicitar la traducción de este aviso en cualquier otro idioma, por favor llame a la oficina de intérpretes al (401) 222-8710. Ayudarla si usted puede estar en compañía de una persona que habla inglés cuando llame.

El sistema jurídico de Rhode Island se compromete a proporcionar a todas las personas mejor acceso a los tribunales.

The Office of Court Interpreters
Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

---

See this notice in Cambodian, Spanish, and Portuguese on the attached pages.
Camboyano: SAMPLE: [Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.]
Español: Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.
Portugues: Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.



# N O T I F I C A Ç Ã O

## V. Ex.ª tem um processo em curso no sistema judiciário do Estado de Rhode Island.

## V. Ex.ª tem direito aos serviços gratuitos de um intérprete.

A Ordem Executiva 2012-05 do Supremo Tribunal de Rhode Island prevê que quando uma pessoa com conhecimentos limitados da língua inglesa (Limited-English Proficiency) (LEP) comparece em tribunal, a Administração Judiciária de Rhode Island disponibiliza-lhe gratuitamente os serviços de um intérprete autorizado a um réu, autor, testemunha, vítima, pai ou mãe de um menor ou alguém com interesse significativo no processo judicial. O serviço de intérprete é prestado gratuitamente às partes e em todos os tipos de processos, sejam eles civis ou penais. Os intérpretes do tribunal trabalham em todos os tribunais do sistema judiciário do Estado de Rhode Island.

Para agendar os serviços de um intérprete para o seu dia no tribunal, tem as seguintes opções:

1. Telefonar para o Gabinete de Intérpretes Judiciais através do n.º (401) 222-8710, ou
2. Enviar uma mensagem de correio electrónico para Interpreterfeedback@courts.ri.gov, ou
3. Deslocar-se ao gabinete de intérpretes para agendar os serviços de um intérprete:

Gabinete de Intérpretes Judiciais
Complexo Judicial Licht
Quarto Piso, Sala 401
250 Benefit Street
Providence, RI 02903

Quando solicitar os serviços de um intérprete deve fornecer os seguintes dados:

• O nome e número do seu processo
• O idioma que solicita
• A data e hora da sua audiência
• O local da sua audiência
• O seu nome e um número de telefone para o podermos contactar a si ou ao seu advogado

Para obter mais informações em português, russo e espanhol, incluindo uma lista dos formulários judiciais disponíveis em espanhol, visite o nosso website na internet: http://www.courts.ri.gov/Interpreters/english/version/default.aspx

Para solicitar uma tradução desta notificação para qualquer outro idioma, telefone para o Gabinete de Intérpretes Judiciais através do número (401) 222-8710. Recomenda-se que esteja acompanhado por alguém que fale inglês quando fizer a chamada.

A Administração Judiciária de Rhode Island está empenhada em tornar os tribunais acessíveis para todos.

Gabinete de Intérpretes Judiciais
Complexo Judicial Licht
Quarto Piso, Sala 401
250 Benefit Street
Providence, RI 02903

---

See this notice in Cambodian, Russian, and Spanish on the attached pages.
Español: Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.
Portugues: Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.

# N O T I C E

## You have a case in the Rhode Island state court system.

## You have the right to an interpreter at no cost to you.

Rhode Island Supreme Court Executive Order 2012-05 states that when a Limited-English Proficient (LEP) person appears in court, the Rhode Island Judiciary will provide a free authorized interpreter for the defendant, plaintiff, witness, victim, parent of a juvenile, or someone with a significant interest in the court proceeding. This interpreting service is provided at no cost to the parties and in all types of cases, both civil and criminal. Court interpreters work in all the courthouses in the Rhode Island state court system.

To schedule an interpreter for your day in court, you have the following options:

1. Call the Office of Court Interpreters at (401) 222-8710, or
2. Send an email message to Interpreterfeedback@courts.ri.gov, or
3. Visit the interpreters' office to schedule an interpreter:

The Office of Court Interpreters
Licht Judicial Complex
Fourth Floor, Room 401
250 Benefit Street
Providence, RI 02903

When requesting an interpreter, please provide the following information:

• The name and number of your case
• The language you are requesting
• The date and time of your hearing
• The location of your hearing
• Your name and a telephone number where we can reach you or your lawyer

For more information in Portuguese, Russian, and Spanish, including a listing of court forms that are available in Spanish, please visit our website on the internet:
http://www.courts.ri.gov/Interpreters/english/version/default.aspx

To request a translation of this notice into any other language, please call the Office of Court Interpreters at (401) 222-8710. It would be helpful to have an English speaker with you when you call.

The Rhode Island Judiciary is committed to making the courts accessible to all.

The Office of Court Interpreters
Licht Judicial Complex
Fourth Floor, Room 401
250 Benefit Street
Providence, RI 02903

Case Number: PC-2015-2512
Filed in Providence/Bristol County Superior Court
Submitted: 6/22/2015 11:47:18 AM
Envelope: 528069
Reviewer: Lynn Gaulin

Case Number: PC-2015-2512
Filed in Providence/Bristol County Superior Court
Submitted: 6/22/2015 11:47:18 AM
Envelope: 528069
Reviewer: Lynn Gaulin

1:17-cv-00058-WES-PAS   Document 1-1   Filed 02/08/17   Page 32 of 57 PageID #: 35

STATE OF RHODE ISLAND                       SUPERIOR COURT
PROVIDENCE, SC.

Premier Title & Escrow Company, Inc.
        Plaintiff

        v.                           C.A. No.: PC-15-

Liberty Insurance Underwriters, Inc.
        Defendant

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Premier Title & Escrow Company, Inc. ("Premier" or "plaintiff") hereby makes its complaint against defendant Liberty Insurance Underwriters, Inc. ("Liberty" or "defendant") as follows:

A.    <u>Parties</u>

1.    Premier is a corporation organized in the State of Rhode Island with a principal place of business in Providence, Rhode Island.

2.    Liberty is an insurance company authorized to do business in the State of Rhode Island.

B.    <u>Jurisdiction</u>

3.    The Superior Court has exclusive jurisdiction over the instant matter as it involves, <u>inter alia</u>, an action at law in which the amount in controversy exceeds the sum of ten thousand dollars ($10,000.00) pursuant to R.I.G.L. § 8-2-14. In addition, exclusive jurisdiction lies in the Superior Court as this matter involves a claim for declaratory relief pursuant to the Uniform Declaratory Judgments Act (<u>see</u> R.I.G.L. § 9-30-1 et seq.) asking this Court to declare the rights, status, obligations and other legal relations between the parties concerning certain

insurance policies issued by Liberty in its capacity as the insurer in favor of Premier, a named

insured, under the subject policies.

C.    Venue

    4.    Venue properly lies in the County of Providence pursuant to R.I.G.L. § 9-4-4

since the defendant can be found therein.

D.    Statement of Facts

    5.    At all relevant times hereto, Premier was in the business of performing real estate

title and closing services.

    6.    There are two (2) insurance policies at issue in this litigation. Those policies are

as follows:

        (i)    A lawyer's professional liability insurance policy issued by Liberty
        naming Premier as an insured bearing policy number LPA 195137-019 for
        the policy period covering July 29, 2009 to July 29, 2010 ("Policy 1").

        (ii)    A lawyer's professional liability insurance policy issued by Liberty
        naming Premier as an insured bearing policy number LPA 195137-020 for
        the policy period covering July 29, 2010 to July 29, 2011 ("Policy 2").

    7.    A claim for negligence was first made by Wells Fargo against Premier by way of

a letter dated March 16, 2010 (the "claim").

    8.    As part of the claim, Wells Fargo alleged that Premier was negligent in

connection with a real estate loan transaction in the State of Oregon.

    9.    Although Premier vehemently denied Wells Fargo's claim, Premier timely

reported the claim to Liberty by forwarding it to Liberty's representatives.

    10.    At the time Premier received the claim and reported it to Liberty, Premier was

insured by Policy 1 for any potential losses and defense costs arising out of the claim.

    11.    On or about September 30, 2011, the claim ripened into a lawsuit when Premier

Case Number: PC-2015-2512
Filed in Providence/Bristol County Superior Court
Submitted Providence/Bristol County Superior Court
Envelope: 835472
Reviewer: Lynn Gulin

was sued in the Circuit Court of Tillamook County in the State of Oregon (the "Legal Action").

12.     Upon receiving notice of the Legal Action, Premier reported it in a timely manner to Liberty and requested that the insurer defend and indemnify it for any losses, costs and expenses arising out of the Legal Action.[1]

13.     Premier was covered by Liberty for any and all defense costs and losses associated with the Legal Action under either Policy 1 or Policy 2.

14.     At first, Liberty represented to Premier that it was covered for this particular lawsuit and therefore the insurer would provide Premier with a defense to the Legal Action.

15.     Notwithstanding, Liberty later changed course and wrongfully denied Premier's request for coverage.   More importantly, it further refused to provide the insured with either legal counsel or to pay for any defense costs related to the Legal Action.

16.     As a result, Premier was forced to hire its own counsel and ultimately expended significant sums of money to defend the Legal Action.

17.     While Premier was ultimately successful in its defense of the Legal Action, Premier remains out of pocket the monies it was forced to expend for its legal defense.

18.     Premier has made demand upon Liberty for reimbursement of its defense and other costs it incurred in successfully defending the Legal Action.

19.     Liberty had no reasonable basis for denying Premier coverage with respect to the Legal Action.

20.     As a separate matter, Liberty had no reasonable basis for refusing to tender Premier a legal defense in response to the Legal Action.[2]

---

[1] Similar to the position it took when first receiving the claim, Premier maintained that it did nothing wrong and denied the allegations set forth in the Legal Action.

[2] It is hornbook insurance law that an insurer's duty to defend is much broader than its duty to indemnify.  Liberty

21.   Liberty wrongfully refuses to indemnify Premier for its defense costs and other monetary losses it suffered in connection with the Legal Action.

22.   Liberty's refusal to reimburse Premier has caused significant financial harm to the plaintiff.

Count I
Breach of Contract

23.   Premier reincorporates the allegations contained in paragraphs 1 through 22 of its complaint as if fully set forth herein.

24.   The facts set forth above constitute a breach of contract on the part of Liberty.

25.   Premier has suffered damages as a direct and proximate result of Liberty's breach of contract.

26.   The amount of Premier's damages will be established at the time of trial.

Wherefore, Premier respectfully requests that this Honorable Court enter judgment against Liberty for the full amount of plaintiff's damages awarding Premier compensatory damages, prejudgment and post judgment interest, attorney's fees, costs and such other and further relief as this court deems just and fair.

Count II
R.I.G.L. § 9-1-33 Statutory Bad Faith

27.   Premier reincorporates the allegations contained in paragraphs 1 through 26 of its complaint as if fully set forth herein.

28.   The plaintiff repeatedly asked Liberty to provide and pay for Premier's legal defense in order to allow Premier to properly defend itself against the claims asserted in the Legal Action.

---

should have minimally provided Premier a legal defense to the Legal Action instead of just leaving the insured to fend for itself.

4

29.    Liberty had no good faith reason for denying coverage or refusing to tender a legal defense on behalf of Premier since the claim and Legal Action was clearly covered by either Policy 1 or Policy 2.

30.    The facts set forth above establish a claim for statutory bad faith against Liberty pursuant to R.I.G.L. § 9-1-33.

31.    Premier is entitled to compensatory damages along with statutory damages, punitive damages, reasonable attorney's fees and costs incurred in connection with defending the Legal Action as well as prosecuting the instant lawsuit.

Wherefore, Premier respectfully requests that judgment enter against Liberty awarding plaintiff compensatory damages, statutory damages, punitive damages, prejudgment and post judgment interest, litigation costs, reasonable attorney's fees and any other relief this court deems appropriate and just.

Count III
Common Law Bad Faith

32.    Premier reincorporates the allegations contained in paragraphs 1 through 31 of its complaint as if fully set forth herein.

33.    The facts set forth above establish a claim for common law bad faith against Liberty.

34.    Premier has suffered damages as a result of Liberty's bad faith actions and omissions in refusing to tender plaintiff a legal defense in response to the Legal Action or otherwise in denying plaintiff coverage.

Wherefore, Premier respectfully requests that judgment enter against Liberty awarding plaintiff compensatory damages, double damages, treble damages and/or punitive damages, prejudgment and post judgment interest, litigation costs, reasonable attorney's fees and any other

5

Case Number: PC-2015-2512
Filed in Providence/Bristol County Superior Court
Submitted: 2/8/2015 11:47:18 AM
Envelope: 485052
Reviewer: Lynn Gaulin

relief this court deems appropriate and just.

Count IV<br>
<u>Declaratory Relief - R.I.G.L. § 9-30-1 et seq.</u>

35.    Premier reincorporates the allegations contained in paragraphs 1 through 34 of its complaint as if fully set forth herein.

36.    It is plaintiff's contention that any defense or other costs incurred by Premier in connection with the Legal Action is covered by Liberty pursuant to either Policy 1 or Policy 2.

37.    Liberty has taken the position that none of those costs are covered by either Policy 1 or Policy 2.

38.    The parties are entitled to a declaration by the court as to their respective rights and legal obligations concerning whether either Policy 1 or Policy 2 provides Premier insurance coverage and legal defense costs with respect to the Legal Action or the claim.

Wherefore, Premier respectfully requests that this court issue the following declaratory relief pursuant to R.I.G.L. § 9-30-1 et seq. in the form of an Order and Final Judgment to fully and finally resolve the instant dispute between the parties declaring:

(i)    That Policy 1 and/or Policy 2 required Liberty to pay for and provide Premier with a legal defense in response to the Legal Action and claim;

(ii)    That Liberty is legally required under Policy 1 or Policy 2 to reimburse Premier for all of its defense and other costs and expenses incurred by plaintiff in connection with the Legal Action and claim;

(iii)    That Liberty's failure to provide Premier with a legal defense and to compensate Premier for its losses associated with the Legal Action rises to the level of bad faith;

(iv)    Premier is entitled to reasonable attorney's fees and costs along with

6

Case Number: PC-2015-2512
Filed in Providence/Bristol County Superior Court
Submitted: 9/11/2015 11:47:18 AM
Envelope: 226059
Reviewer: Lynn Gaulin

Case 1:17-cv-00058-WES-PAS   Document 1-1   Filed 02/08/17   Page 38 of 57 PageID #: 41

compensatory and statutory damages associated with Liberty's failure to provide Premier with a legal defense; and

(v)    Premier is entitled to such other and further relief as this Court deems just and fair.

Count V
R.I.G.L. § 9-1-45 Attorney's Fees

39.    Premier reincorporates the allegations contained in paragraphs 1 through 38 of its complaint as if fully set forth herein.

40.    Rhode Island law permits an award of reasonable attorney's fees when there is a complete absence of justiciable issues of fact or law in a contract dispute. See R.I.G.L. § 9-1-45.

41.    There is a complete absence of justiciable issues of fact or law with respect to Liberty's contractual obligation to have provided Premier a legal defense and to indemnify Premier for its legal expenses, costs and other losses incurred in connection with the claim and/or the Legal Action.

42.    Premier is entitled to an award of reasonable attorney's fees pursuant to R.I.G.L. § 9-1-45 in an amount to be determined at a later date.

Wherefore, Premier respectfully requests that judgment enter against Liberty in its favor awarding Premier its reasonable attorney's fees and costs incurred in connection with this particular litigation and any other relief this court deems appropriate and just.

Case Number: PC-2015-2512
Filed in Providence/Bristol County Superior Court
Case Number: PC-2015-2512
Submitted: 8/12/2015 11:47:18 AM
Filed in Providence/Bristol County Superior Court
Envelope: 228039
Submitted: 8/12/2015 11:47:18 AM
Reviewer: Alexa Cagneconte
Envelope: 228039
Reviewer: Lynn Gaulin

Case 1:17-cv-00058-WES-PAS   Document 1-1   Filed 02/08/17   Page 39 of 57 PageID #: 42

### Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all issues so triable and designates Michael J.

Lepizzera, Jr. and Stephen Peltier as its trial counsel.

/s/ Michael J. Lepizzera, Jr.
Michael J. Lepizzera, Jr. (#4995)
/s/ Stephen Peltier
Stephen Peltier (#3822)


Plaintiff,
Premier Title & Escrow Company, Inc.
By and through its attorneys,

/s/ Michael J. Lepizzera, Jr.
/s/ Stephen Peltier
/s/ Scott K. Demello

Lepizzera & Laprocina Counsellors at Law, Ltd.
Michael J. Lepizzera, Jr. (# 4995)
Stephen Peltier (# 3822)
Scott K. DeMello (# 7675)
117 Metro Center Blvd. Suite 2001
Warwick, Rhode Island 02886
Tel: (401) 739-7397
Fax: (401) 691-3558
Email: mlepizzera@leplap.com
Email: speltier@leplap.com
Email: sdemello@leplap.com

Case Number: PC-2015-2512
Filed in Providence/Bristol County Superior Court
Submitted: 12/8/2016 2:36:46 PM
Envelope: 854985
Reviewer: Alexa Goneconte
Case 1:17-cv-00058-WES-PAS   Document 1-1   Filed 02/08/17   Page 40 of 57 PageID #: 43



សេចក្ដីជូនដំណឹង

 លោកអ្នកមានរឿងក្ដីនៅក្នុងប្រព័ន្ធតុលាការរដ្ឋ Rhode Island។

លោកអ្នកមានសិទ្ធិទទួលអ្នកបកប្រែដោយឥតគិតថ្លៃសម្រាប់លោកអ្នក។

*[Khmer-language notice text]*

1. ទូរស័ព្ទទៅការិយាល័យអ្នកបកប្រែតុលាការ តាមលេខ (401) 222-8710 ឬ
2. ផ្ញើសំបុត្រអេឡិចត្រូនិច interpreterfeedback@courts.ri.gov ឬ
3. ទៅកាន់ការិយាល័យអ្នកបកប្រែតុលាការដើម្បីកំណត់ពេលជួប៖

**The Office of Court Interpreters**
Licht Judicial Complex
Fourth Floor, Room 401
250 Benefit Street
Providence, RI 02903

*[Khmer text]*

- *[Khmer text]*
- *[Khmer text]*
- *[Khmer text]*
- *[Khmer text]*
- *[Khmer text]*

http://www.courts.ri.gov/Interpreters/english version/default.aspx។

*[Khmer text]* (401) 222-8710។

*[Khmer text]*

The Office of Court Interpreters
Licht Judicial Complex
Fourth Floor, Room 401
250 Benefit Street
Providence, RI 02903

---

See this notice in Cambodian, Spanish, and Portuguese on the attached pages.
**Español:** Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.
**Portuguese:** Leia esta notificação em camboijano, espanhol e português nas páginas em anexo.



## A V I S O

### Usted tiene un caso en el sistema judicial de Rhode Island.

### Usted tiene el derecho a tener un intérprete sin costo para usted.

La Orden Ejecutiva 2012-05 del Tribunal Supremo de Rhode Island dicta que cuando una persona que tiene un dominio limitado del inglés (LEP) comparece ante la corte, el Sistema Judicial de Rhode Island le proveerá un intérprete autorizado gratis sea el acusado/demandado, denunciante, testigo, víctima, padre de un menor de edad alguien que tenga con un interés importante en el proceso de la corte. Este servicio de interpretación se le proveerá sin costo alguno a los participantes en toda clase de caso, sea civil o penal.
Los intérpretes judiciales trabajan en todos los tribunales del Sistema Judicial de Rhode Island.

**Para solicitar un intérprete para su comparecencia en el tribunal, usted tiene las siguientes opciones:**

1. Llamar a la Oficina de Intérpretes en el tribunal al 401-222-8710 ;
2. Mandar un correo electrónico a interpreterfeedback@courts.ri.gov; o
3. Presentarse a la Oficina de Intérpretes para solicitar un intérprete:

The Office of Court Interpreters
Licht Judicial Complex
Cuarto Piso, Oficina 401 A-B
250 Benefit Street
Providence, RI 02903

**Al solicitar un intérprete, por favor provea la siguiente información:**

- El nombre y el número de su caso
- El idioma que solicita
- La fecha y hora de su audiencia
- Dónde va a tomar lugar su audiencia
- Su nombre y número de teléfono por el cual nos podamos poner en contacto con usted o con su abogado.

Para obtener más información en portugués, ruso o español, incluyendo una lista de formularios de la corte que están disponibles en español, visite nuestra página de internet:

http://www.courts.ri.gov/Interpreters/englishversion/default.aspx.

Para solicitar la traducción de este aviso en cualquier otro idioma, por favor llame a la oficina de intérpretes al (401) 222-8710. Ayudaría si usted puede estar en compañía de una persona que habla inglés cuando llame.

El sistema jurídico de Rhode Island se compromete a proporcionar a todas las personas mejor acceso a los tribunales.

The Office of Court Interpreters
Licht Judicial Complex
Fourth Floor, Room 401
250 Benefit Street
Providence, RI 02903

---

See this notice in Cambodian, Spanish, and Portuguese on the attached pages.
**Camboyano:** SAMPLE: [Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.]
**Español:** Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.
**Portuguese:** Leia esta notificação em camboijano, espanhol e português nas páginas em anexo.



## N O T I F I C A Ç Ã O

### V. Ex.ª tem um processo em curso no sistema judiciário do Estado de Rhode Island,

### V. Ex.ª tem direito aos serviços gratuitos de um intérprete.

A Ordem Executiva 2012-05 do Supremo Tribunal de Rhode Island prevê que quando uma pessoa com conhecimentos limitados de língua inglesa (Limited-English Proficient) (LEP) comparece um tribunal, a Administração Judiciária de Rhode Island disponibiliza-lhe gratuitamente os serviços de um intérprete autorizado a um réu, autor, testemunha, vítima, pai ou mãe de um menor ou alguém com interesse significativo no processo judicial. O serviço de intérprete é prestado gratuitamente às partes e em todos os tipos de processos, sejam eles civis ou penais. Os intérpretes do tribunal trabalham em todos os tribunais do sistema judiciário do Estado de Rhode Island.

**Para agendar os serviços de um intérprete para o seu dia no tribunal, tem as seguintes opções:**

1. Telefone para o Gabinete de Intérpretes Judiciais através do n.º (401) 222-8710, ou
2. Envie uma mensagem de correio eletrónico para interpreterfeedback@courts.ri.gov, ou
3. Desloca-se ao gabinete de intérpretes para agendar os serviços de um intérprete:

Gabinete de Intérpretes Judiciais
Complexo Judicial Licht
Quarto Piso, Sala 401
250 Benefit Street
Providence, RI 02903

**Quando solicitar os serviços de um intérprete deve fornecer os seguintes dados:**

- O nome e número do seu processo
- O idioma que solicita
- A data e hora da sua audiência
- O local da sua audiência
- O seu nome e um número de telefone para o podermos contactar a si ou ao seu advogado

Para obter mais informações em português, russo e espanhol, incluindo uma lista dos formulários judiciais disponíveis em espanhol, visite o nosso website na internet: http://www.courts.ri.gov/Interpreters/englishversion/default.aspx.

Para solicitar uma tradução desta notificação para qualquer outro idioma, telefone para o Gabinete de Intérpretes Judiciais através do número (401) 222-8710. Recomenda-se que esteja acompanhado por alguém que fale inglês quando fizer a chamada.

A Administração Judiciária de Rhode Island está empenhada em tornar os tribunais acessíveis para todos.

Gabinete de Intérpretes Judiciais
Complexo Judicial Licht
Quarto Piso, Sala 401
250 Benefit Street
Providence, RI 02903

---

See this notice in Cambodian, Spanish, and Portuguese on the attached pages.
**Español:** Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.
**Portuguese:** Leia esta notificação em camboijano, espanhol e português nas páginas em anexo.



## NOTICE

### You have a case in the Rhode Island state court system.

### You have the right to an interpreter at no cost to you.

Rhode Island Supreme Court Executive Order 2012-05 states that when a Limited-English Proficient (LEP) person appears in court, the Rhode Island Judiciary will provide a free authorized interpreter for the defendant, plaintiff, witness, victim, parent of a juvenile, or someone with a significant interest in the court proceeding. This interpreting service is provided at no cost to the parties and in all types of cases, both civil and criminal. Court interpreters work in all the courthouses of the Rhode Island state court system.

**To schedule an interpreter for your day in court, you have the following options:**

1. Call the Office of Court Interpreters at (401) 222-8710, or
2. Send an email message to interpreterfeedback@courts.ri.gov, or
3. Visit the Interpreters' Office to schedule an interpreter:

The Office of Court Interpreters
Licht Judicial Complex
Fourth Floor, Room 401
250 Benefit Street
Providence, RI 02903

**When requesting an interpreter, please provide the following information:**

- The name and number of your case
- The language you are requesting
- The date and time of your hearing
- The location of your hearing
- Your name and a telephone number where we can reach you or your lawyer

For more information in Portuguese, Russian, and Spanish, including a listing of court forms that are available in Spanish, please visit our website on the internet:
http://www.courts.ri.gov/Interpreters/englishversion/default.aspx.

To request a translation of this notice into any other language, please call the Office of Court Interpreters at (401) 222-8710. It would be helpful to have an English speaker with you when you call.

The Rhode Island Judiciary is committed to making the courts accessible to all.

The Office of Court Interpreters
Licht Judicial Complex
Fourth Floor, Room 401
250 Benefit Street
Providence, RI 02903

Case 1:17-cv-00058-WES-PAS   Document 1-1   Filed 02/08/17   Page 41 of 57 PageID #: 44

| | | | |
|---|---|---|---|
| LM General Insurance Company | 36447 | 175 Berkeley Street<br>Boston, MA 02117 | (800)344-0197 |
| LM Insurance Corporation | 33600 | 175 Berkeley Street<br>Boston, MA 02117 | (800)344-0197 |
| LM Property and Casualty Insurance Company | 32352 | 175 Berkeley Street<br>Boston, MA 02117 | (800)522-7152 |
| Lamorak Insurance Company | 20621 | 1880 JFK Blvd., Suite 801<br>Philadelphia, PA 19103 | (215)665-5000 |
| Lancer Insurance Company | 26077 | P.O. Box 9004<br>Long Beach, NY 11561-9004 | (800)782-8902 |
| Landcar Casualty Company | 37109 | 9350 South 150 East, Suite 990<br>Sandy, UT 84070 | (800)733-7339 |
| Legion Insurance Company, In Liquidation | 24422 | One Logan Square, Suite 1400<br>Philadelphia, PA 19103 | (800)294-2580 |
| Lexington National Insurance Corporation | 37940 | P.O. Box 6098<br>Lutherville, MD 21094 | (888)888-2245 |
| Lexon Insurance Company | 13307 | 10002 Shelbyville Road<br>Suite 100<br>Louisville, KY 40223 | (866)992-6637 |
| Liberty Insurance Corporation | 42404 | 175 Berkeley Street<br>Boston, MA 02117 | (800)522-7152 |
| Liberty Insurance Underwriters Inc. | 19917 | 175 Berkeley Street<br>Boston, MA 02116 | (800)344-0197 |
| Liberty Mutual Fire Insurance Company | 23035 | 175 Berkeley Street<br>Boston, MA 02117 | (800)522-7152 |
| Liberty Mutual Insurance Company | 23043 | 175 Berkeley Street<br>Boston, MA 02117 | (800)522-7152 |
| Lincoln General Insurance Company (In Liquidation) | 33855 | P.O. Box 3709<br>York, PA 17402 | (800)876-3350 |
| Lion Insurance Company | 11075 | 2739 US Highway, 19N<br>Holiday, FL 34691 | (727)682-0155 |
| Lumbermen's Underwriting Alliance, In Receivership | 23108 | 1905 N.W. Corporate Blvd.<br>Boca Raton, FL 33431-7303 | (800)327-0630 |
| Lyndon Property Insurance Company | 35769 | 14755 North Outer Forty Drive, Suite 400<br>St. Louis, MO 63017-6050 | (800)950-6060 |
| MBIA Insurance Corporation | 12041 | 1 Manhattanville Rd Ste 301<br>Purchase, NY 10577 | (914)273-4545 |
| MEMIC Indemnity Company | 11030 | P.O. Box 11409<br>Portland, ME 04104 | (866)636-4292 |
| MGIC Assurance Corporation | 22594 | P.O. Box 756<br>Milwaukee, WI 53201 | (800)558-9900 |
| MGIC Indemnity Corporation | 18740 | P.O. Box 756<br>Milwaukee, WI 53201 | (800)558-9900 |
| MIC General Insurance Corporation | 38660 | PO Box 3199<br>Winston-Salem, NC 27102 | (800)526-0332 |
| MIC Property and Casualty Insurance Corporation | 38601 | 500 Woodward Ave 14th Floor<br>Detroit, MI 48226 | (888)601-0110 |
| Main Street America Assurance Company | 29939 | 55 West Street<br>Keene, NH 03431 | (800)258-5310 |
| Main Street America Protection Insurance Company | 13026 | 4601 Touchton Road East, Suite 3400<br>Jacksonville, FL 32246 | (904)380-7282 |

Case Number: PC-2015-2512
Filed in Providence/Bristol County Superior Court
Submitted: 12/8/2016 2:25:00 PM
Envelope: 851585
Reviewed: Diane Chartrand

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
Department of Business Regulation
INSURANCE DIVISION
1511 Pontiac Avenue, Bldg. 69-2
Cranston, RI  02920

CERTIFIED MAIL



91 7108 2133 3934 8949 7663

Case Number: PC-2015-2512
Filed in Providence/Bristol County Superior Court
Submitted: 12/8/2016 2:25:00 PM
Envelope: 854985
Reviewer: Alexa Goneconte



U.S. POSTAGE ≫ PITNEY BOWES

ZIP 02886   $ 004.18⁵
02 4W
0000335534 NOV. 28. 2016

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS. FOLD AT DOTTED LINE

# EXHIBIT 1

Case Number: PC-2015-2512
Filed in Providence/Bristol County Superior Court
Submitted: 12/8/2016 2:28:08 PM
Envelope: 854985
Reviewer: Alexa Goneconte

| | |
|---|---|
| **From:** | Burke, Matthew M. |
| **Sent:** | Friday, February 12, 2016 4:34 PM |
| **To:** | Lepizzera, Michael |
| **Subject:** | RE: Premier Title |

Michael,

We discussed last year your client providing the defense cost figure at issue with backup to allow both sides to consider a commercial resolution.  Is that something you are still interested in doing?  Thanks.


**Matthew M. Burke**
**ROPES & GRAY LLP**
T +1 617 951 7589 | M +1 617 838 8749 | F +1 617 235 0395
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
matthew.burke@ropesgray.com
www.ropesgray.com

---

**From:** Burke, Matthew M.
**Sent:** Tuesday, October 13, 2015 8:50 AM
**To:** Lepizzera, Michael
**Subject:** RE: Premier Title

Michael,

Following up on the email below to see where we stand on this matter.  Thanks.


**Matthew M. Burke**
**ROPES & GRAY LLP**
T +1 617 951 7589 | M +1 617 838 8749 | F +1 617 235 0395
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
matthew.burke@ropesgray.com
www.ropesgray.com

---

**From:** Burke, Matthew M.
**Sent:** Wednesday, August 12, 2015 11:22 PM
**To:** Lepizzera, Michael
**Subject:** RE: Premier Title

Michael, could you let me know if you are able to provide a defense cost figure and backup?  Thanks.


**Matthew M. Burke**
**ROPES & GRAY LLP**
T +1 617 951 7589 | M +1 617 838 8749 | F +1 617 235 0395
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
matthew.burke@ropesgray.com
www.ropesgray.com

Case Number: PC-2015-2512
Filed in Providence/Bristol County Superior Court
Submitted: 12/8/2015 2:58:04 PM
Envelope: 854985
Reviewer: Alexa Gonecente

**From:** Lepizzera, Michael [mailto:mlepizzera@LepLap.com]
**Sent:** Wednesday, July 22, 2015 7:45 AM
**To:** Burke, Matthew M.
**Subject:** RE: Premier Title

Thank you Matthew.  I will forward you the summons and complaint this week along with a stipulation extending the time to answer.  I'll insert whatever date you need to answer the complaint given our attempt to try to work this matter out.

**Michael J. Lepizzera, Jr.**
Partner
Email mlepizzera@leplap.com

117 Metro Center Blvd., Suite 2001
Warwick, RI 02886

**Phone 401.739.7397**
Toll Free 888.313.2345
**Fax 401-384-6960**



NOTICE: The information contained in this transmission is privileged, confidential, and intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this transmission is strictly prohibited. If you have received this transmission in error, please notify the sender by e-mail and destroy the original message and all copies. Thank you.

**From:** Burke, Matthew M. [mailto:Matthew.Burke@ropesgray.com]
**Sent:** Tuesday, July 21, 2015 4:32 PM
**To:** Lepizzera, Michael
**Subject:** Premier Title

Michael,

I don't believe Liberty has been served with a copy of the complaint.  We agree that, if service is required, we will accept service on behalf of Liberty.  I will wait to hear from you regarding the amount of defense costs sought by Premier and the invoices or other backup for this amount.

Regards,

Matt Burke

**Matthew M. Burke**
**ROPES & GRAY LLP**
T +1 617 951 7589 | M +1 617 838 8749 | F +1 617 235 0395
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
matthew.burke@ropesgray.com
www.ropesgray.com

Case Number: PC-2015-2512
Filed in Providence/Bristol County Superior Court
Submitted: 12/8/2015 2:28:08 PM
Envelope: 854985
Reviewer: Nia S

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

Case Number: PC-2015-2512
Filed in Providence/Bristol County Superior Court
Submitted: 12/8/2015 2:28:08 PM
Envelope: 854985
Reviewer: Alexa Goneconte

Case 1:17-cv-00058-WES-PAS   Document 1-1   Filed 02/08/17   Page 48 of 57 PageID #: 51

# EXHIBIT 2

Case Number: PC-2015-2512
Filed in Providence/Bristol County Superior Court
Submitted: 12/8/2016 12:23:08 PM
Envelope: 854985
Reviewer: Alexa Goneconte

CASE 1:17-CV-00058-WES-PAS   Document 1-1   Filed 02/08/17   Page 49 of 57 PageID #: 52

| | |
|---|---|
| **From:** | Burke, Matthew M. |
| **Sent:** | Thursday, December 01, 2016 12:23 PM |
| **To:** | Lepizzera, Michael |
| **Cc:** | Lori Capuano |
| **Subject:** | RE: Premier Title & Escrow Company vs. Liberty Insurance |

Michael,

Thanks for your response.

I just learned from Liberty that it has been served with the complaint through the Rhode Island Department of Business Regulation. Liberty received the summons yesterday. In order to allow us to discuss the information you will provide next week to see if a resolution is possible, can we agree that Liberty will have until January 13 to answer or otherwise respond to the complaint? If agreeable, I will send you a draft stipulation.

Regards,

Matt Burke

Matthew M. Burke
ROPES & GRAY LLP
T +1 617 951 7589 | M +1 617 838 8749
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
matthew.burke@ropesgray.com
www.ropesgray.com

-----Original Message-----
From: Lepizzera, Michael [mailto:mlepizzera@LepLap.com]
Sent: Thursday, December 01, 2016 11:12 AM
To: Burke, Matthew M.
Cc: Lori Capuano
Subject: Re: Premier Title & Escrow Company vs. Liberty Insurance

Ok. I'm out of the office the rest of the week but will have that information to you mid-week next week. Based on Liberty's willingness to resolve this case, I will not take any future steps in the litigation unless and until we reach an impasse. Thanks for touching base.

Michael J. Lepizzera, Jr.

On Dec 1, 2016, at 10:38 AM, Burke, Matthew M.
<Matthew.Burke@ropesgray.com<mailto:Matthew.Burke@ropesgray.com>> wrote:

Michael,

I also remain willing to discuss the potential for resolution of this matter without litigation.  I ask again that you provide the amount of defense costs your client is seeking and any backup for this amount.

Regards,

Matt Burke

Matthew M. Burke
ROPES & GRAY LLP
T +1 617 951 7589 | M +1 617 838 8749
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
matthew.burke@ropesgray.com<mailto:matthew.burke@ropesgray.com>
www.ropesgray.com<http://www.ropesgray.com>

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

Case Number: PC-2015-2512
Filed in Providence/Bristol County Superior Court
Submitted: 12/8/2015 2:28:08 PM
Envelope: 854985
Reviewer: Alexa Goneconte

# EXHIBIT 3

Case Number: PC-2015-2512
Filed in Providence/Bristol County Superior Court
Submitted: 12/8/2016 2:28:08 PM
Envelope: 854985
Reviewer: Alexa Goneconte

Case 1:17-cv-00058-WES-PAS   Document 1-1   Filed 02/08/17   Page 52 of 57 PageID #: 55

---

| | |
|---|---|
| **From:** | Lepizzera, Michael <mlepizzera@LepLap.com> |
| **Sent:** | Thursday, December 01, 2016 1:08 PM |
| **To:** | Burke, Matthew M. |
| **Cc:** | Lori Capuano |
| **Subject:** | Re: Premier Title & Escrow Company vs. Liberty Insurance |

Matthew,

I effectuated service of process with the Department as my client was insisting that I move forward with the litigation. As you know, my client is an attorney as well and is familiar with the court rules. After serving process and 20 days passed, she insisted that I default Liberty which I did and therefore only default (not default judgment) has entered. I am ethically obligated to seek her approval to voluntarily remove the default. Here is how I suggest we handle: I will send you all of the backup information which supports her claim for damages and we will try to settle the case which was always our intent and discussions. We are not looking for $1 million dollars or anything unreasonable.  As we previously discussed, I think we will be able to resolve the matter since it is a straightforward claim. If we can't resolve it for any reason, I will ask my client for permission to withdraw the default without Liberty having to file a motion to vacate the default. The default will be moot if we settle the case. It will also be helpful if you can send me the documentation showing the travel of the summons and complaint from the Department to Liberty. This will help me explain the basis for voluntarily removing the default to my client if the facts support a voluntary withdrawal.  I am a reasonable person. Let me forward our numbers to you so your client can evaluate my client's claim. Again, if both sides are reasonable, the case will settle and we never need to address the default status.  Thanks.

Michael J. Lepizzera, Jr.

On Dec 1, 2016, at 12:22 PM, Burke, Matthew M. <Matthew.Burke@ropesgray.com<mailto:Matthew.Burke@ropesgray.com>> wrote:

Michael,

Thanks for your response.

I just learned from Liberty that it has been served with the complaint through the Rhode Island Department of Business Regulation.  Liberty received the summons yesterday.  In order to allow us to discuss the information you will provide next week to see if a resolution is possible, can we agree that Liberty will have until January 13 to answer or otherwise respond to the complaint?  If agreeable, I will send you a draft stipulation.

Regards,

Matt Burke


Matthew M. Burke
ROPES & GRAY LLP
T +1 617 951 7589 | M +1 617 838 8749
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
matthew.burke@ropesgray.com<mailto:matthew.burke@ropesgray.com>

www.ropesgray.com<http://www.ropesgray.com>

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

-----Original Message-----
From: Lepizzera, Michael [mailto:mlepizzera@LepLap.com]
Sent: Thursday, December 01, 2016 11:12 AM
To: Burke, Matthew M.
Cc: Lori Capuano
Subject: Re: Premier Title & Escrow Company vs. Liberty Insurance

Ok. I'm out of the office the rest of the week but will have that information to you mid-week next week.  Based on Liberty's willingness to resolve this case, I will not take any future steps in the litigation unless and until we reach an impasse. Thanks for touching base.

Michael J. Lepizzera, Jr.

On Dec 1, 2016, at 10:38 AM, Burke, Matthew M. <Matthew.Burke@ropesgray.com<mailto:Matthew.Burke@ropesgray.com><mailto:Matthew.Burke@ropesgray.com>> wrote:

Michael,

Liberty remains willing to discuss the potential for resolution of this matter without litigation.  I ask again that you provide the amount of defense costs your client is seeking and any backup for this amount.

Regards,

Matt Burke

Matthew M. Burke
ROPES & GRAY LLP
T +1 617 951 7589 | M +1 617 838 8749
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
matthew.burke@ropesgray.com<mailto:matthew.burke@ropesgray.com><mailto:matthew.burke@ropesgray.com>
www.ropesgray.com<http://www.ropesgray.com><http://www.ropesgray.com>

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

Case Number: PC-2015-2512
Filed in Providence/Bristol County Superior Court
Submitted: 12/8/2016 2:23:08 PM
Envelope: 854985
Reviewer: Alexa Goneconte

**STATE OF RHODE ISLAND**      **SUPERIOR COURT**
**PROVIDENCE, SC.**

| | |
|---|---|
| Premier Title & Escrow Company, Inc., ) | |
| ) | |
| Plaintiff, ) | C.A. No.:  PC-2015-2512 |
| ) | |
| v. ) | |
| ) | |
| Liberty Insurance Underwriters, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## [PROPOSED] ORDER GRANTING
## DEFENDANT LIBERTY INSURANCE UNDERWRITERS INC.'S
## MOTION TO SET ASIDE DEFAULT AND NOTICE OF HEARING

   Before the Court is Defendant Liberty Insurance Underwriters Inc.'s Motion to Set Aside

Default and Notice of Hearing pursuant to Rule 55(c) of the Superior Court Rules of Civil

Procedure.  Default was entered on November 29, 2016.  Defendant filed this motion to set aside

default on December 8, 2016.  This matter was heard on January 11, 2017 before the Honorable

Maureen B. Keough.  Having found that good cause exists for the removal of this default, the

Court finds that Defendant's motion should be GRANTED.

   IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the default entered

on November 29, 2016 be set aside.  Defendant has 20 days from the date of this order lifting the

default to answer or otherwise respond to the complaint.

**ENTER:**            **BY ORDER:**


_____   _____
**Maureen B. Keough**         **Clerk, Superior Court**
**Associate Justice**
**Dated:**

Case 1:17-cv-00058-WES-PAS   Document 1-1   Filed 02/08/17   Page 55 of 57 PageID #: 58

STATE OF RHODE ISLAND                         SUPERIOR COURT
PROVIDENCE, SC.

Premier Title & Escrow Company, Inc.,   )
                                         )
                Plaintiff,               )
                                         )   C.A. No.: PC-2015-2512
        v.                               )
                                         )
Liberty Insurance Underwriters, Inc.,    )
                                         )
                Defendant.               )
                                         )

### STIPULATION TO VACATE DEFAULT
### AND SETTING TIME TO RESPOND TO THE COMPLAINT

The parties hereby agree that the default entered on November 29, 2016 by the Court

shall be and is hereby VACATED. Defendant shall have 20 days from the date of this

stipulation to answer or otherwise respond to the Complaint. Defendant Liberty Insurance

Underwriters Inc.'s Motion to Set Aside Default and Notice of Hearing shall pass.

Dated: January 24, 2017

                        By their attorneys,

                        PLAINTIFF
                        PREMIER TITLE & ESCROW COMPANY, INC.

                        *Michael J. Lepizzera, Jr.*
                        Michael J. Lepizzera, Jr. (# 4995)
                        LEPIZZERA & LAPROCINA COUNSELLORS AT LAW, LTD.
                        117 Metro Center Blvd. Suite 2001
                        Warwick, Rhode Island 02886
                        Phone: (401) 739-7397
                        *Email: mlepizzera@leplap.com*

                        *Attorneys for Premier Title & Escrow Company,*
                        *Inc.*

1

Case Number: PC-2015-2512
Filed in Providence/Bristol County Superior Court
Submitted: 1/25/2016 15:42 PM
Envelope: 906365
Reviewer: Alexa Goneconte

CASE 1:17-cv-00058-WES-PAS   Document 1-1   Filed 02/08/17   Page 56 of 57 PageID #: 59

DEFENDANT
LIBERTY INSURANCE UNDERWRITERS, INC.

Courtney M. Cox (#9552)

Courtney M. Cox
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Phone: (617) 951-7000
*courtney.cox@ropesgray.com*

*Attorney for Liberty Insurance Underwriters, Inc.*

Case Number: PC-2015-2512
Filed in Providence/Bristol County Superior Court
Submitted: 1/25/2017 2:45:42 PM
Envelope: 906365
Reviewer: Alexa Goneconte

**STATE OF RHODE ISLAND**                       **SUPERIOR COURT**
**PROVIDENCE, SC.**

|  |  |
|---|---|
| Premier Title & Escrow Company, Inc., | ) |
| Plaintiff, | ) |
|  | ) C.A. No.:  PC-2015-2512 |
| v. | ) |
| Liberty Insurance Underwriters, Inc., | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that, on the 24th day of January, I filed and served this document through the electronic filing system on the following parties: Premier Title & Escrow Company, Inc.

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

Dated:  January 24, 2017

/s/ Courtney M. Cox
Courtney M. Cox
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Phone: (617) 951-7000

*Attorney for Liberty Insurance Underwriters, Inc.*